# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-4244

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

TAYRON FRANKLIN HINES, a/k/a Boo,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:09-cr-00073-TLW-7)

Submitted:  September 13, 2018          Decided:  September 18, 2018

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark C. McLawhorn, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tayron Franklin Hines appeals the district court's judgment revoking his supervised release and sentencing him to six months in prison. Hines' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he states that there are no meritorious issues for appeal, but asks us to review the reasonableness of Hines' sentence. Although advised of his right to file a pro se supplemental brief, Hines has not done so. The Government has declined to file a response brief. We affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). Accordingly, when we review a revocation sentence, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)).

To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable. *See Slappy*, 872 F.3d at 207. In making this determination, "we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Crudup*, 461 F.3d at 438-39. Thus, a

2

revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable statutory sentencing factors. *See United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). A revocation sentence is substantively reasonable if the court "sufficiently state[s] a proper basis for its conclusion that" the defendant should receive the sentence imposed. *Crudup*, 461 F.3d at 440. "Only if we find a revocation sentence unreasonable do we consider whether it is 'plainly' so, relying on the definition of 'plain' used in our 'plain' error analysis[,]" i.e., "clear" or "obvious." *Slappy*, 872 F.3d at 208 (internal quotation marks and brackets omitted).

Applying these standards, we readily conclude that Hines' within-policy statement range sentence is neither procedurally nor substantively unreasonable, and therefore is not plainly unreasonable. The district court did not plainly err when it adopted the probation officer's policy statement range, as Hines' violations were Grade C violations under the Guidelines. The district court heard the parties' arguments, allowed Hines to allocute, and explained the selected sentence in terms of the revocation-relevant statutory factors. Counsel correctly concedes that Hines' sentence is neither procedurally nor substantively unreasonable, and we find no reason to question the reasonableness of Hines' sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hines, in writing, of the right to petition the Supreme Court of the United States for further review. If Hines requests that

3

a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hines. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*